UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GREGORY JOHNSON,

                Plaintiff,

      -against-

PORTFOLIO RECOVERY ASSOCIATES, LLC

                Defendant.
-------------------------------------------------------x

Civil Action No.:

**DEFENDANT PORTFOLIO ASSOCIATES, LLC'S NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK:

      Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA"), by counsel, hereby removes this civil action, pending in the Supreme Court of the State of New York, County of Erie, Index Number 811696/2021 (the "State Court Action"), to the United States District Court for the Western District of New York. Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, PRA removes this action to this Court, and in support thereof, states the following:

## I. BACKGROUND

1.    Plaintiff Gregory Johnson ("Plaintiff") commenced the State Court Action against PRA by filing a Complaint in the Supreme Court of the State of New York, County of Erie, on August 24, 2021 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a) and L.R.Civ.P. 81(a)(3)(B), a copy of all process pleadings, and orders served on PRA in the State Court Action are attached hereto as **Exhibit A**.

2.    On August 26, 2021 PRA's registered agent was personally served with the Summons and Complaint in Richmond, Virginia.

3. This Notice of Removal is being filed within thirty days of service of the Complaint. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

4. The above-captioned action is a suit for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Federal Trade Commission Act, 15 U.S.C. § 45, et seq. ("FTCA"), and for breach of contract under New York state law.

## II. FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction over Plaintiff's FTCA and FDCPA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. In his Complaint, Plaintiff alleges PRA violated several provisions of the FDCPA and the FTCA. Ex. A at ¶¶ 55 ("[T]he making of the representations set forth in paragraph 9 constitutes a deceptive act or practice in violation of Section 5(a) of the Fair [sic] Trade Commission act [sic], 15 USC§45(a)."), 59 ("Defendant . . . violat[ed] . . . 15 U.S.C. 1692d(2)."), 62 ("The acts and practices alleged in paragraphs 54-56 constitute violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692e."), and 64 ("The Defendant directly or indirectly . . . attempted to still collect on a debt by not providing verification of the debt . . . implicating [sic] they fulfilled the obligations set out in 15 U.S.C. 1692g(b).").

8. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the FDCPA and the FTCA.

9. Plaintiff's claims purporting to arise under New York state law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Specifically, Plaintiff's claims under New York state law arise out of PRA's allegedly unlawful debt collection activity. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

10. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

### III. VENUE

11. Venue is proper in this Court because this district and division encompass the Supreme Court of the State of New York, County of Erie, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV. NOTICE

12. Concurrent with the filing of this Notice, PRA will file a Notice of Filing of Notice of Removal with the District Court of the Supreme Court of the State of New York, County of Erie, a copy of which is attached hereto as **Exhibit B**.

13. Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. §1446(a).

WHEREFORE, PRA hereby removes this action to this Court.

Dated: September 24, 2021  By: */s/ Stephen J. Steinlight*
New York, New York  Stephen J. Steinlight
 TROUTMAN PEPPER
 HAMILTON SANDERS LLP
 875 Third Avenue
 New York, New York 10022
 Telephone: (212) 704-6008
 Facsimile: (212) 704-6288
 Email: stephen.steinlight@troutman.com

 *Attorney for Defendant*
 *Portfolio Recovery Associates, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 24th day of September 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and, pursuant to L.R.Civ.P. 81(a)(4), sent the foregoing and all attachments filed with the Court, via FedEx Overnight Mail and First Class Mail, postage prepaid, to the following party:

    Gregory Johnson
    12 Lobue Ln.
    Cheektowaga, New York 14225
    By FedEx Overnight Mail

    Gregory Johnson
    PO Box 1163
    Cheektowaga, New York 14225
    By First Class Mail, Postage Prepaid
    *Plaintiff pro se*

    /s/ Stephen J. Steinlight