# EXHIBIT A



# Notice of Service of Process

null / ALL  
Transmittal Number: 23691439  
Date Processed: 08/27/2021

| | |
|---|---|
| Primary Contact: | Shannan R. Powell<br>Portfolio Recovery Associates, Inc.<br>130 Corporate Blvd<br>Norfolk, VA 23502-4952 |

| | |
|---|---|
| Entity: | Portfolio Recovery Associates, L.L.C.<br>Entity ID Number  1653471 |
| Entity Served: | Portfolio Recovery Associates LLC |
| Title of Action: | Gregory Johnson vs. Portfolio Recovery Associates LLC |
| Matter Name/ID: | Gregory Johnson vs. Portfolio Recovery Associates LLC (11452123) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Erie County Supreme Court, NY |
| Case/Reference No: | 811696/2021 |
| Jurisdiction Served: | Virginia |
| Date Served on CSC: | 08/26/2021 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Gregory Jonson<br>716-536-7733 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com




# NYSCEF - Erie County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 08/24/2021 01:22 PM. Please keep this notice as a confirmation of this filing.

### 811696/2021
### Gregory Johnson v. Portfolio Recovery Associates LLC
### Assigned Judge: None Recorded

## Documents Received on 08/24/2021 01:22 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Filed by court user.

## E-mail Notifications

An email regarding this filing has been sent to the following on 08/24/2021 01:22 PM:

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Petitioner | Gregory Johnson | No consent on record. |
| Respondent | Portfolio Recovery Associates LLC | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Michael P. Kearns, Erie County Clerk**
Website: http://www.erie.gov/clerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

INDEX NO. 811696/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/24/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Erie

Gregory Johnson

(Names of Plaintiff(s)/Petitioner(s))

vs

Portfolio Recovery Associates LLC

(Names of Defendant(s)/Respondent(s))

Summons

Index No. _____

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: August 24, 2021
(Date of Summons)

Gregory Johnson
(Plaintiff(s) name - person bringing on lawsuit)
P.O. Box 1163
(Plaintiff(s) street address)
Buffalo, NY 14225
(Plaintiff(s) city, state, zip)
716-536-7733
(Plaintiff(s) telephone no.)

Portfolio Recovery Associates LLC
(Defendant(s) name - person(s) sued)
120 Corporate Blvd.
(Defendant(s) street address)
Norfolk, VA 23502
(Defendant(s) city, state, zip)

Venue: Plaintiff(s) designate(s) Erie County as the place of trial. The basis of this designation is: (Enter County above; then select one category below, listing specific County)

- ☒ Plaintiff(s)' Residence in Erie County.
- ☐ Defendant(s)' Residence in _____ County.
- ☐ Other -- Describe: _____.

NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT

SUPREME COURT OF THE STATE OF NEW YORK — Index Number
COUNTY OF ERIE

-------------------------------------------------------x

GREGORY JOHNSON,                    Plaintiff      **COMPLAINT**

-against-

PORTFOLIO RECOVERY ASSOCIATES LLC,      Defendant
-------------------------------------------------------x

## COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, AND OTHER RELIEF

Plaintiff, Gregory Johnson(hereinafter Plaintiff), by and through pro se appearance, sues Defendant, Portfolio Recovery Associates LLC(hereinafter Defendant), and in support thereof alleges as follows:

### JURISDICTION AND VENUE

1. This action is arising to obtain monetary civil penalties and other equitable relief more than $25,000, giving this Court subject matter jurisdiction.

2. The Plaintiff is an adult resident of Erie County, New York.

3. The Defendant has a substantial connection and conducts substantial business in New York State, including Erie County.

4. The actions described herein, took place in Erie County, New York.

## PLAINTIFF

5. The Plaintiff, Gregory Johnson, is a resident of the State of New York. Mr. Johnson with a mailing address of P.O. Box 1163, Buffalo, New York. The Plaintiff is a consumer, as used in this Complaint, is defined by the Fair Debt Collection Practices Act('FDCPA") 15 USC 1692a(3) and means any natural person obligated or allegedly obligated to pay any debt.

## DEFENDANT

6. The Defendant herein, PORTFOLIO RECOVERY ASSOCIATES LLC, has a principal place of business at 120 Corporate Blvd., Norfolk, Virginia. Defendant is in the debt collection business. Portfolio Recovery Associates, LLC is one of the largest debt-purchasing companies in the United States. They are a publicly traded company on the NASDAQ stock exchange, with a total asset worth of approximately $1.74 billion dollars(as of week-28 2021). Portfolio Recovery Associates, LLC buys debt from financial institutions, such as Synchrony Bank, Capitol One Bank, as well from other banks, lenders, and debt assignees.

7. The Defendant is a "debt collector" as defined in the Fair Debt Collection Practices Act, 15 USC 1692a(6).

8. At all times material to this Complaint, the Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the Fair Trade Commission Act 15 USC §44.

## FACTS

9. On or about May 12th, I received a notice, by mail, from the Defendant, dated 5/7/2021, stating that this communication was from a debt collector and was an attempt to collect a debt. This notice also had personal information such as my name and address which I did not give consent to Defendant to be in possession of.

10. I did not directly give Portfolio Recovery Associates LLC direct prior consent to contact me in any way.

11. The notice stated that I owed an alleged debt in the amount of $10,476.75.

12. Them having my personal information, without my consent, along with trying to get me to pay an alleged debt in that amount, was seen by me as profane and obscene language.

## COMMENCEMENT OF PRIVATE ADMINISTRATIVE PROCESS

13. On or about 5/25/2021, I sent the Defendant a conditional acceptance offer affidavit with clear and concise terms, via certified mail with return receipt requesting verification of the debt.

14. I stated that I was not refusing to pay but only requesting verifiable proof that I owed the alleged debt, such as an original contract bearing signature.

15. I have a signed return receipt indicating the Defendant received my request on or about 5/29/2021.

16. On or about 6/2/2021 the Defendant responded to my request by sending me an itemized account summary related to the alleged debt. The Defendant stated in the letter (dated 6/02/2021) that this was in response to my request, this is seen as the Defendants acceptance to the terms of my agreement (ref in paragraph 13).

NYSCEF DOC. NO. 1

INDEX NO. 811696/2021
RECEIVED NYSCEF: 08/24/2021

17. The response also stated that the Defendant completed an investigation concerning the account and has obtained and reviewed documents to which they say, "establish its validity", regarding the alleged debt.

18. I am not in receipt of any proof that the Defendant has any firsthand knowledge of any alleged transaction between me and Synchrony bank, to establish the validity of said debt.

19. The documentation the Defendant sent as proof of claim, dated 6/2/2021, which included in itemized account summary of the alleged debt, was not Verification, nor was it an original contract with my wet ink signature as I requested.

20. The Defendant did not send me Verification as requested.

21. The law defines Verification as the declaration under oath or upon penalty of perjury that a statement or pleading is true.

22. The Defendant did not send me Verification as requested.

23. On or about 6/11/2021, I sent the Defendant a second written request, via certified mail with return receipt, an Affidavit of Fault with the Opportunity to Cure. I informed the Defendant that they have 10 business days to provide the requested proof of claims listed in the agreement or they will be held and dishonor and willfully consents to a default judgment for violating various Fair Debt Collection Practices Act laws as well as other applicable laws such as mail fraud. I listed the violations in this notice.

24. I have a signed return-receipt indicating the Defendant received my Affidavit of Fault/Opportunity to Cure on or about 6/18/2021.

25. On or about 6/19/2021, the Defendant responded to my offer by again sending me an itemized account summary, which I previously informed them that, that was not Verification as defined by law nor was it any proof of claims I requested.

26. The Defendant also mentions again that they have completed an investigation which established the validity of the alleged debt.

27. The Defendant failed to send me verification as per terms of our agreement, which included verification of the debt such as an original contract with my wet ink signature, along with any competent evidence proving that I have any legal obligation to pay the Defendant. I listed such terms in the agreement.

28. Their response dated 6/19/2021 was seen as a non-response and frivolous, putting the Defendant in dishonor of our agreement.

29. On or about 7/6/2021, I sent the Defendant an Affidavit of Dishonor, informing them they dishonored my two previous notices requesting verification of the alleged debt they were and are attempting to collect from me. I outlined our correspondences and how they were in dishonor, I also sent an invoice with a statement of fees for all violations, time spent, and postage and notary fees.

30. The affidavit described in paragraph 29 was not rebutted by the Defendant. Making that Affidavit stand as truth.

Page 5 of 16

31. I gave the Defendant 10 calendar days to tender payment or counteroffer.

32. I have a signed return receipt indicating the Defendant received my Affidavit of Dishonor on or about 7/12/2021.

33. On or about 7/13/2021 the Defendant responded with a notice stating the account and its proceeds were sold, assigned, and transferred by Synchrony bank to the Defendant on 4/22/2021.

34. This notice included additional personal information such as the last four digits of my Social Security number.

35. The Defendant did not have my consent to have such sensitive information in their possession. This can be construed to be identity theft if the Defendant has any capital gain or files taxes in regards to this account.

36. Also dated 7/13/2021, I received a notice that stated they have already responded substantially and will not be conducting another investigation regarding this matter.

37. After reviewing their responses, both dated 7/13/2021, I concluded that they have still not sent me verification or any proof of claims, per the terms of our agreement, regarding the alleged debt they attempted to collect from me.

38. On or about 7/26/2021, after the time allowed to the Defendant to comply, I sent the Defendant and the Defendant's registered agent an Intent to Sue notice along with and

Affidavit of truth and facts. The Defendant's registered agent was listed as Corporation Service Company located at 100 Shockoe Slip FL 2 Richmond VA 23219-4100.

39. In the Intent to Sue notice, I informed the Defendant that they have dishonored my three previous notices due to the fact of their noncompliance by not honoring the terms our agreement, which included sending me verification of the alleged debt they attempted to collect from me.

40. I have a sign return receipt indicating the Defendant's registered agent received the Intent to Sue notice on or about 8/2/2021.

41. I have a signed return receipt indicating the Defendant did in fact receive the Intent to Sue notice, but the tracking information has not yet updated to give me a date as to which it was received, but I am in possession of a signed return receipt indicating that they did in fact receive it.

42. The Affidavit of truth and facts described in paragraph 38 was not rebutted by the Defendant, making that Affidavit stand as truth.

43. In response to my Intent to Sue notice and Affidavit of Truth and Facts, on or about 8/7/2021, the Defendant sent me a notice, dated 8/7/2021, stating it has "concluded its investigation" and is closing my account.

44. The Defendant stating, they are "closing my account" was not a part of any term of our agreement. This signifies them not meeting the terms of our agreement(as described in paragraph 27) putting them in breach of contract.

45. This notice sent by the Defendant describe in paragraph 43, is contradictory to statements made by the Defendant as described in paragraph 17, 26, and 36 where the Defendant states they have concluded investigations and establish the validity of the debt and also were not conducting any new investigations. These actions constitute false and misleading representations.

## CAUSES OF ACTION

### Breach of Contract

46. The Defendant's actions(as described in paragraph 16) showed implied acceptance to the conditional acceptance offer sent by the Plaintiff in response to the Defendant's presentment, hereby creating a binding contract between the Plaintiff and the Defendant.

47. The implied acceptance referred to in paragraph 46 that the Defendant demonstrated, involved the Defendant's attempt to send proof of claims requested by the Plaintiff as a term of the condition of acceptance.

48. The actions described in paragraph 16 is in fact implied acceptance by the Defendant's actions and also by tacit acquiescence.

49. The Defendant never expressed any objection to any of the terms of the agreement.

## MAXIMS OF LAW

50. "An Unrebutted Affidavit Stands as Truth in Commerce."

51. "An Unrebutted Affidavit Becomes Judgment in Commerce."

52. The Affidavits sent to the Defendant described in paragraphs 13, 23, 29 and 38 were not rebutted by the Defendant making those Affidavits stand as truth, also becoming judgement in Commerce.

## Violation of the Fair Trade Commission Act

53. 15 USC §45 (a)(1) Prohibits "unfair or deceptive acts or practices in or affecting commerce" and declares such methods unlawful, "A representation, omission, or practice misleads or is likely to mislead the consumer" is prohibited by section 5(a) of the Fair Trade Commission act.

## COUNT I

### Unsubstantiated Representations about owing a debt

54. The Defendant has represented, directly or indirectly, expressly or by implication, that I owed the alleged debt when in fact the Defendant had not a reasonable basis for the representation at the time the representations were made.

55. Therefore, the making of the representations set forth in paragraph 9 constitutes a deceptive act or practice in violation of Section 5(a) of the Fair Trade Commission act, 15 USC§45(a).

NYSCEF DOC. NO. 1

INDEX NO. 811696/2021
RECEIVED NYSCEF: 08/24/2021

56. The Defendant directly or indirectly, expressly or by implication, stated they "established the validity" of the debt they were trying to collect from me without having any firsthand knowledge or having verification of any documents related to the alleged debt is a deceptive act in violation of Section 5(a) of the Fair Trade Commission act, 15 USC§45(a).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT II

### Harassment or Abuse

57. 15 U.S.C §1692d(2) of the Fair Debt Collection Practices Act, states " The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

58. The Defendant's actions of sending notices with sensitive personal information, such as my name address and Social Security number without my consent was abusive in nature for me to read.

59. The Defendant directly or indirectly, expressly or by implication, used language alleging that I owed a debt that they could not send me verification for or prove was seen to me as profane and abusive which is a violation of 15 U.S.C. 1692d(2).

## COUNT III

### False or misleading representations

60. 15 U.S.C § 1692e prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. The Defendants representations as set forth in paragraph 9 and 17 without any substantial proof constitute false, deceptive, or misleading representations or means, in violation of 15 U.S.C § 1692e.

62. The acts and practices alleged in paragraphs 54-56 constitute violations of the Fair Debt Collection Practices Act 15 U.S.C § 1692e.

### COUNT IV

### Validation of Debts

63. 15 U.S.C. 1692g(b) in part states that a debt collector shall cease collection of the debt or any disputed portion thereof until the debt collector obtains verification of the debt.

64. The Defendant directly or indirectly, expressly or by implication, attempted to still collect on a debt by not providing verification of the debt, the Defendant even stated(as described in paragraph 17) that they conducted an investigation and had "established the validity" of the debt, implicating they fulfilled the obligations set out in 15 U.S.C. 1692g(b).

### BREACH OF CONTRACT

65. The Plaintiff re-alleges the allegations set forth in paragraphs 9-45 above and incorporates same herein by reference.

66. At all times relevant to this litigation, Defendant Portfolio Recovery Associates LLC, was in a legally binding contract with the Plaintiff, created expressly and/or by implication of the Defendant's actions.

67. At all times relevant to this litigation, the Defendant was in a contractual relationship with the Plaintiff and owed a duty to the Plaintiff to act in good faith and deal fairly with him.

68. The Defendant breached that duty on more than one occasion in such breaches were willful and intentional.

69. The Defendant's conduct was outrageous, with such acts being done with malice or bad motives to the interests of the Plaintiff.

70. The Plaintiff conducted a Private Administrative process on the Defendant(as described in paragraphs 9-40), creating the legally binding contract through implied acceptance by the Defendant.

71. The Defendant never expressed any objection to any terms of the agreement at any time during the Private Administrative process described in paragraph 66.

72. The Defendant is liable in damages to the Plaintiff in excess of $70,000, arising out of the Defendant's Dishonor of the contract and this amount was sent by invoice to the Defendant during the administrative process, therefore the Plaintiff seeks summary judgment.

### INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA

73. Under section 13(b) of the FTC Act, 15 U.S.C § 53(b), this Court is authorized to issue a permanent injunction to ensure the Defendants will not continue to violate the FTC Act and the FDCPA.

## EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA

74. Under section 13(b) and 19 of the FTC Act, 15 U.S.C §§53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate and the enforcement of the FDPCA and the FTC act, including the ability to order the disgorgement of ill-gotten monies.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

75. Defendant violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(a) of the FTC Act, 15 U.SC. §45(m)(1)(A).

76. 15 U.S.C. 1692k(a)(2)(A) authorizes the Court to award monetary civil penalties of not more than $1000 for each violation of the FDCPA.

77. Each instance within five(5) years preceding the filing of this Complaint, in which the Defendant fails to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which the Plaintiff seeks monetary civil penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Gregory Johnson, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 1692*l*, and the Courts own equitable powers, requests that the Court:

1. Enter summary judgment against Defendant and in favor of Plaintiff for Plaintiff's private administrative process, including punitive damages not less than $74,000;

2. Enter summary judgment against Defendant and in favor of Plaintiff for breach of Contract and an award of compensatory damages for the breach the Court may find necessary;

3. Enforce every unrebutted Affidavit, as described in paragraph 13,23,29 and 38 and make them stand as truth as well as judgement

4. Enter judgment against Defendant and in favor of Plaintiff for each law violation alleged in this Complaint;

5. Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Defendants;

6. Award Plaintiff the costs of bringing this action as well as such other and additional relief as the Court may determine to be just and proper.

Dated: August 24, 2021                                  Respectfully Submitted,

>Gregory Johnson
>Pro Se Litigant
>P.O. Box 1163
>Buffalo, Ny 14225
>716-536-7733
>Ghenghs23@gmail.com

## VERIFICATION

STATE OF NEW YORK

COUNTY OF ERIE ss:

__Gregory Johnson__, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. the same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

X _____
Gregory Johnson

Sworn to before me this

24 day of August, 2021

_____

ROBERT J. WILCZAK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01WI6356838
Qualified in Erie County
My Commission Expires March 20, 2025