UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY JOHNSON,

                Plaintiff,

v.                                             **DECISION AND ORDER**
                                                          21-CV-1049S

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                Defendant.

In this action, pro se Plaintiff Gregory Johnson asserts federal and state claims arising from Defendant Portfolio Recovery Associates, LLC's attempts to collect a debt from him.[1] Johnson originally initiated this action in the New York State Supreme Court, County of Erie, after which Portfolio timely removed it here based on federal-question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446. See Docket No. 1. Johnson now seeks remand to state court on the basis that his complaint raises only (or predominantly) a state-law breach-of-contract claim. Because Johnson's complaint plainly contains federal causes of action, Johnson's motions to remand and to stay proceedings pending remand will be denied. See Docket Nos. 6, 13, 14.

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. See 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions arising under the Constitution, treaties, or laws of the

---

[1] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Johnson is proceeding pro se, this Court has considered his submissions and arguments accordingly.

1

United States, and over all civil actions between citizens of different states, if the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. §§ 1331, 1332 (a)(1).

Out of respect for states' rights and in keeping with the limited jurisdiction of federal courts, removal jurisdiction is "strictly construed," with all doubts resolved against removal.  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).  The removing party bears the burden of establishing proper jurisdiction.  United Food & Com. Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Funeral Fin. Sys., Ltd. v. Solex Express, Inc., No. 01-CV-6079(JG), 2002 WL 598530, at *3 (E.D.N.Y. Apr. 11, 2002) (noting that in the face of a motion to remand, the burden falls on the defendant to prove the existence of jurisdiction and that the case is properly in federal court).

In the absence of diversity jurisdiction, such as in this case, "the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts."  Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).  District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Thus, a civil action filed in state court may be removed to a federal court if it asserts claims arising under federal law.  See 28 U.S.C. § 1441 (b).

A claim arises under federal law if "a well-pleaded complaint establishes either that

federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax, 463 U.S. at 27-28; Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (reiterating Franchise Tax standard). Importantly, it is the plaintiff's complaint that determines whether the case arises under federal law: "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); Franchise Tax, 463 U.S. at 10; Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S. Ct. 724, 58 L. Ed. 1218 (1914). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936). This preserves the plaintiff's role as "master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998).

Because the plaintiff is "master of the complaint," see id., the existence or assertion of a federal defense does not give rise to federal-question jurisdiction. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004); City of Rome, N.Y. v. Verizon Commc'ns Inc., 362 F.3d 168, 175 (2d Cir. 2004). For example, "a defense that relies on the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, will not provide a basis for removal." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) (citations omitted).

3

Moreover, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). A case is therefore generally not removable unless the complaint itself affirmatively alleges a federal claim. Beneficial, 539 U.S. at 6.

Here, Johnson's complaint indisputably includes federal claims that arise out of the same facts and circumstances as his state-law breach-of-contract claim. Johnson begins by alleging that he is a "consumer" and that Portfolio is a "debt collector" within the meaning of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. See Complaint, Docket No. 1-1, ¶¶ 5, 7. Many of Johnson's factual allegations then involve Portfolio's attempts to collect a debt, and several reference consumer-related federal statutes. See Complaint, ¶¶ 9-12, 16-19, 23, 25, 26. And while Johnson's first listed cause of action asserts a state-law breach-of-contract claim, see id. ¶¶ 46-52, he then explicitly asserts claims under both the Federal Trade Commission Act ("FTCA"),[2] 15 U.S.C. §§ 41, et seq., see id. ¶¶ 53-56, and the FDCPA, see id. ¶¶ 57-64. Finally, Johnson seeks money damages and injunctive relief based on Portfolio's alleged violations of federal law. See id. ¶¶ 73-77.

In an effort to avoid removal, Johnson insists that his complaint does not give rise to federal-question jurisdiction. None of his arguments hold water. First, Johnson contends that his complaint "[m]erely just mention[s] federal violations" and that the

---

2 Johnson mistakenly refers to the FTCA as the "Fair Trade Commission Act." See Complaint, ¶¶ 8, 53-56.

federal violations "are merely violations that occurred as a result of the [breach of contract]," see Motion to Remand, Docket No. 6, p. 2, but even a cursory reading of the complaint reveals that Johnson explicitly alleges violations of the FDCPA and FTCA as independent causes of action and seeks damages and equitable relief for the same.

Second, Johnson maintains that the alleged FDCPA and FTCA violations "are not on the face of the Complaint," see Motion to Remand, p. 3, yet, as set forth above, they clearly are. In conjunction with the pervasive invocation of federal law throughout the complaint, the claims and requests for relief are organized under headings such as "Violation of the Fair [sic] Trade Commission Act," Violations of the Fair Debt Collection Practices Act," "Injunction for Violations of the FTC Act and the FDCPA," "Equitable Relief for Violations of the FTC Act and the FDCPA," and "Civil Penalties for Violations of the FDCPA." Thus, the complaint undeniably invokes federal statutes on its face, contrary to Johnson's contention otherwise.

Third, Johnson suggests that this Court ignore his federal claims and grant remand because his state-law breach-of-contract claim, which he views as his "main claim," would stand alone had he not included his federal claims. See Motion to Remand, pp. 3-4. While it may be true that Johnson could have avoided removal to federal court by asserting only his state-law breach-of-contract claim, that is simply not how he crafted his complaint. Instead, Johnson affirmatively alleged federal claims, which renders the case subject to removal.

Finally, Johnson contends that remand is appropriate because he seeks no monetary relief for violations of federal law. See Complaint, § III, p. 7. This is simply

5

incorrect. Along with setting out specific causes of action under federal law, and seeking equitable relief for federal violations, Johnson affirmatively seeks "monetary civil penalties" for each of Portfolio's alleged violations of the FDCPA. See id. ¶¶ 75-77.

In sum, Portfolio has established that Johnson's complaint expressly invokes federal law—the FDCPA and FTCA—and seeks monetary and injunctive relief for violations of these two federal statutes. Removal is therefore proper under 28 U.S.C. § 1441 (b), with this Court having federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 (a). Johnson's motions for remand and for a stay pending remand will therefore be denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion to Remand (Docket No. 6) is DENIED, with each party to bear their own costs, expenses, and fees associated with the motion.

FURTHER, that Plaintiff's Motion to Stay Pending Resolution of the Motion to Remand (Docket Nos. 13, 14) is DENIED AS MOOT.

FURTHER, that the Clerk of Court is DIRECTED to mail a copy of this Decision to pro se Plaintiff.

SO ORDERED.

Dated:     November 12, 2021
           Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge